**In re David L. COKER; In re Elizabeth R. Coker, Debtors.**

**David L. COKER; Elizabeth R. Coker, Plaintiffs–Appellants,**

**v.**

**SOVRAN EQUITY MORTGAGE CORPORATION, Defendant–Appellee.**

**No. 91–1240.**

United States Court of Appeals, Fourth Circuit.

Argued April 8, 1992.

Decided Aug. 13, 1992.

As Amended Sept. 28, 1992.

Robert Vincent Roussos, Roussos & Ford, Norfolk, Va. (argued), for plaintiffs-appellants.

Lorin Daniel Hay, Virginia Beach, Va. (argued), for defendant-appellee.

Before HALL and SPROUSE, Circuit Judges, and KIDD, Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

David and Elizabeth Coker appeal the district court's order affirming the bankruptcy court's denial of their motion to avoid the lien securing a note held by Sovran Equity Mortgage Company ("Sovran"). We affirm.

### I.

David and Elizabeth Coker own real estate in Virginia Beach, Virginia. The property is encumbered by two deeds of trust. In April 1991, the Cokers filed a petition under Chapter 13 of the Bankruptcy Code. They moved, pursuant to 11 U.S.C. § 506, to avoid the lien of the junior deed of trust held by Sovran on the ground that Sovran's claim is unsecured.

The bankruptcy court found that the Cokers owed $82,000 on a note secured by a senior deed of trust and $9,504.87 on Sovran's note, for a total of $91,504.87. The Cokers' appraiser estimated the property's market value at $91,500, and Sovran's estimated a value of $95,500. The Cokers' appraiser also testified that sellers of real estate in the local market customarily pay real estate commissions of six to seven percent, two discount points, and closing costs on behalf of the buyer.

The bankruptcy court accepted Sovran's appraisal of $95,500 as the fair market value of the property. The court then ruled that the hypothetical costs of sale would not be deducted from the fair market value to determine the value of Sovran's secured claim because, according to the Cokers' petition and plan of rehabilitation, they intended to retain the property. Consequently, the bankruptcy court concluded that Sovran's claim was fully secured, and it denied the Cokers' motion.

The district court affirmed the bankruptcy court's order, and the Cokers appeal. The only issue on appeal is whether the disposition costs of a hypothetical sale should be deducted from the fair market value of the property when determining the extent of the security interest held by the junior lienholder, Sovran.

### II.

The statutory guideline for determining the secured status of an allowed claim is 11 U.S.C. § 506(a):

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property; and in conjunction with any hearing on such dispo-

sition or use or on a plan affecting such creditor's interest.

Interpretation of this statute is the key to deciding this case.

The first sentence in § 506(a) speaks of the "extent of the value of the *creditor's interest*" (emphasis added) in the property, and some courts have focused on this language in holding that hypothetical disposition costs should be deducted. *E.g., In re Smith*, 92 B.R. 287, 290 (Bankr.S.D.Ohio 1988); *In re Claeys*, 81 B.R. 985, 991–92 (Bankr.D.N.D.1987). The underlying rationale is that the usual manner of realizing a security interest is through a sale of the property; only after the costs of sale are deducted can the creditors be paid. Other courts, including this one, have focused on the factors in the second sentence, "the purpose of the valuation and ... the proposed disposition or use of [the] property." *E.g., In re Usry*, 106 B.R. 759 (Bankr. M.D.Ga.1989); *In re 222 Liberty*, 105 B.R. 798, 804 (Bankr.E.D.Pa.1989). These courts rely on the maxim that all provisions in a statute must be given effect. We have previously been confronted with this issue, although in a slightly different context, and we held that the hypothetical costs should not be deducted. *In re Balbus*, 933 F.2d 246 (4th Cir.1991). We believe that *Balbus* controls our decision.

*Balbus* involved a challenge to the bankruptcy court's jurisdiction to entertain a Chapter 13 petition. The debtors' petition listed unsecured debts of nearly $100,000, the jurisdictional limit. The lienholder on their home argued that the costs of a hypothetical sale should be deducted from the secured debt. Such a deduction would have increased the value of the unsecured claims beyond the $100,000 limit.

In upholding the bankruptcy court's decision not to deduct the hypothetical costs, we focused on the first prong of the second sentence in § 506(a), "the purpose of the valuation." Inasmuch as the purpose was to determine Chapter 13 jurisdiction, we opted for the no deduction approach because of the more definite valuation it provides. With regard to the second prong, "the proposed use or disposition," we noted

that the debtors' stated intention to retain the property made the costs of sale truly hypothetical. *Id.* at 252.

The purpose of the valuation in the instant case is to divide Sovran's claim into secured and unsecured components; in other words, to determine the "extent of the value of the creditor's interest in the estate's interest in the property." Thus, the factors in the first sentence and the first part of the second sentence are essentially one and the same. Heeding the directive of *Balbus* to " 'give effect, if possible, to every word Congress used' " (quoting *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339, 99 S.Ct. 2326, 2331, 60 L.Ed.2d 931 (1979)), we turn to the "proposed use or disposition" factor. *See In re Courtright*, 57 B.R. 495, 497 (Bankr.D.Or.1986) (If the "creditor's interest" factor means the value receivable at a foreclosure sale, then the second sentence "would be surplusage.").

Chapter 13 is a reorganization mechanism for individuals. One of its advantages to the homeowner debtors is that they may retain their home by reaffirming the mortgage debt. Were we to permit the deduction of hypothetical sale costs in the face of the Cokers' stated intention, an intention that is subject to the bankruptcy court's approval, we would create an anomalous situation indeed. On the one hand, the debtors have submitted their plan, which includes a pledge to continue their mortgage payments in full. If this pledge is carried out, the mortgagees will obtain full value of their bargained-for security interests. On the other hand, the Cokers want the court to value Sovran's claim as if the very event that Chapter 13 permits them to avoid has occurred, i.e., a foreclosure. If the "proposed use or disposition" provision is to have any meaning, the debtor should not be permitted to "eat with the hounds and run with the hares." *In re Crockett*, 3 B.R. 365, 367 (Bankr.N.D.Ill. 1980).

AFFIRMED.